h GREMILLION, Judge.
In these consolidated cases, the State of Louisiana, through the Department of Social Services/Office of Community Services (State), appeals the informal adjustment agreement granted by the trial court that transferred custody of the minor child, *637 C.W., from the State to his father, R.W.[1] For the following reasons, we reverse,
FACTUAL AND PROCEDURAL BACKGROUND
C.W.’s involvement with the State began in June 2001, when the trial court granted an instanter order temporarily placing him in the custody of the State because it had been notified that C.W. was wandering around either a bar or motel looking for his mother, who could not be located, and he did not know his father’s phone number, as he resided in Michigan. Police reports indicate that P.W., C.W.’s mother, left him in the care of a man residing in her home while she went out with friends and that, while in this man’s custody, he left to look for his mother. At the seventy-two hour hearing, C.W. was returned to P.W.’s custody.
The record next reveals that the trial court again granted an instanter order temporarily placing C.W. in the State’s custody in November 2001, because P.W. left C.W. with an adult female, who was unable to care for him. It was further reported that P.W. was actively searching for someone to take custody of C.W. because her boyfriend did not want a child and she could no longer handle him. On December 5, 2001, the State filed a petition to adjudicate C.W. a child in need of care. The matter was scheduled for a hearing on December 27, 2001.
[2On December 27, 2001, R.W. and P.W. entered into a joint petition for the voluntary transfer of custody of C.W. from P.W. to R.W.[2] By a judgment dated December 28, 2001, the trial court transferred custody of C.W. from the State to R.W. Since that time, C.W. has resided with his father and another sibling in Michigan. The State now appeals.
ISSUES
The State assigns as error the trial court’s order that an informal adjustment agreement be entered into over its objection.
INFORMAL ADJUSTMENT AGREEMENT
La.Ch.Code art. 628 pertains to informal adjustment agreements and states:
A. Prior to the filing of a petition, and vnth the consent of the department, if the child is in the custody of the department, the court or district attorney may authorize an informal adjustment agreement or refer the matter to an intake officer as a families in need of services case.
B. After the filing of a petition, and with the consent of the department, if a child is in the custody of the department, the court may authorize the district attorney to effect an informal adjustment agreement. The court may dismiss the petition or allow the petition to remain pending during the period of informal adjustment.
(Emphasis added).
The State urges that the trial court committed manifest error in resolving this matter through the use of an informal adjustment agreement.
At the hearing on the matter, the trial court stated:
Now, there was, by OCS, and I would certainly make it a part of the record, that the Office of Community Services does not concur that |3this is the best *638 thing to do for [C.W.] because they believe the child needs further services, sir.
However, the State did not formally object on the record to the informal adjustment agreement ordered by the trial court. Nonetheless, it is clear that the State did not consent to the informal adjustment agreement, and we must find that C.W.’s custody should not have transferred in accordance with this particular procedure because of the requirements set forth in Article 628.
Despite our holding, we would be remiss to remove C.W. from his father’s residence in Michigan where he has been for the past five months, only to place him in a foster home in Louisiana. There was nothing in the record to suggest that C.W.’s placement with his father endangered him in any way, and we find that it would be in his best interests to remain in his father’s custody until this matter can be disposed of using the proper vehicle. Thus, we remand this case to the trial court to allow the State the opportunity to provide whatever objections it has to the placement of C.W. with his father and to continue these proceedings in accordance with the proper procedure set forth by the Louisiana Children’s Code.
CONCLUSION
The informal adjustment agreement must be found invalid for failure to obtain the State’s consent. This case is remanded for further proceedings consistent with this opinion. However, C.W. is to remain in his father’s custody during the pendency of these proceedings. Costs of this appeal are assessed against the plaintiff-appellant, the State of Louisiana, through the Department of Social Services/Office of Community Services.
REVERSED AND REMANDED WITH INSTRUCTIONS.

. Initials are used throughout to protect the privacy of the juvenile.

. This matter, docket number 01-VT-27, was subsequently consolidated with docket number 01-CC-40.